**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:97-cr-077-RCJ-VPC-3 |
| vs. | **ORDER** |
| JUAN GARCIA-OCHOA, | |
| Defendant. | |

Pending before the Court is Defendant Juan Garcia-Ochoa's *pro se* motion for a sentence reduction under Amendment 782 of 18 U.S.C. § 3582(c). (ECF No. 201).  Also pending is the federal public defender's motion to withdraw as counsel. (ECF No. 205).

On March 4, 2015, Defendant filed his *pro se* motion for a sentence reduction. (ECF No. 201). On March 12, 2015, pursuant to the District of Nevada's protocol for discretionary sentence reductions, the Court entered an order appointing the federal public defender as counsel to represent Defendant. (ECF No. 203).

In its order, the Court directed Probation to prepare a supplemental presentence report ("PSR") addressing whether, in the probation office's assessment, Defendant is statutorily eligible for a sentence reduction under Amendment 782.  The Court further ordered the federal public defender to file any appropriate motion or stipulation within 120 days. (ECF No. 203).

1

Under the District of Nevada's protocol of discretionary sentence reductions, if counsel for the defendant determines that the defendant is not eligible for a sentence reduction, counsel communicates that determination to the defendant and moves to withdraw as counsel. On July 8, 2015, the federal public defender filed the instant motion to withdraw as attorney in this case. Counsel states that she has reviewed Defendant's file, including all relevant court documents. (ECF No. 205). Based on this review, counsel represents that she will not file any motion for a sentence reduction on Defendant's behalf. Accordingly, the federal public defender now seeks to withdraw as counsel. (*Id.*).

The District of Nevada's protocol for discretionary sentence reductions provides that if defense counsel files a motion to withdraw, the court will review probations' supplemental PSR and determine whether a response from the United States attorney's office ("USAO") to the defendant's *pro se* motion is necessary, or whether it can rule on the motion without requiring a governmental response. If the court determines that a response from the USAO is warranted, it orders one.

In this case, the Court finds that a response from the USAO is unnecessary to rule on the motion. Probation has provided the Court with a reduction of sentence report for Defendant. Probation recommends that the Court find Defendant ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G. § 1B1.10. Specifically, Probation notes that Defendant's ineligibility arises from his being sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1. The Court agrees.

"[A] drug offense sentence that is 'based on' a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot have been 'based on' a sentencing range calculated under the § 2D1.1 drug amount table. The sentencing schemes are

2

mutually exclusive" *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009). Because Defendant in this case was not sentenced under § 2D1.1 but rather § 4B1.1, Amendment 782 cannot serve as the basis for a reduction of his sentence. *Id.*; *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013).

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for a Sentence Reduction (ECF No. 201) is DENIED.

IT IS FURTHER ORDERED that defense counsel's Motion to Withdraw (ECF No. 205) is GRANTED.

IT IS SO ORDERED.

Dated:  July 22, 2015

_____
ROBERT C. JONES
United States District Judge