UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 3:97-cr-00077-RCJ-VPC |
| JUAN OCHOA-GARCIA, | ) ) | **ORDER** |
| Defendant. | ) ) ) ) | |

Pending before the Court are Defendant Juan Ochoa-Garcia's Motion for Compassionate Release, (Dkt.214), and the Government's Motion for Leave to File a Sealed Exhibit, (Dkt. 231). For the following reasons, the Court **DENIES** the first motion, (Dkt. 214), and **GRANTS** the second, (Dkt. 231).[1]

---

[1] Ochoa-Garcia does not challenge the Government's Motion to for Leave to File a Sealed Exhibit, (Dkt. 231), and under this Court's Local Rules, "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to granting of the motion." LR 7-2(d).

I.  **Factual Background**

Ochoa-Garcia's criminal history begins in 1993 when he was convicted of possession of 18 pounds of marijuana with intent to distribute. PSR ¶ 33. While on probation for that offense, Ochoa-Garcia was again found in possession of marijuana and his probation was revoked. PSR ¶ 34. Once again while on probation, in 1997 Ochoa-Garcia became involved in a drug distribution enterprise, PSR ¶ 7, and was ultimately sentenced to 360 months' imprisonment, (Dkt. 176 at 6), for further drug related offenses. (*Id.* at 1). He is set to be released on January 6, 2024. Ochoa-Garcia claims to have a number of underlying medical conditions including chronic kidney disease, uncontrolled hypertension, cardiac abnormality, and other issues related to his underlying conditions. (Dkt. 214 at 3–5). In March 2021, he received two doses of Moderna, making him fully vaccinated against COVID-19. (Dkt. 232 at 180).

II.  **Legal Standard**

Generally, federal district courts "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But under the same section, a court may modify a sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In those circumstances, a court "may reduce the term of imprisonment . . . after

considering the factors set forth in section 3553(a)[2] . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Importantly, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(ii).

---

[2]  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established for—
      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
         (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
         (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
      (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
   (5) any pertinent policy statement—
      (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victims of the offense.

The Sentencing Commission has explained that extraordinary and compelling reasons exist where "[t]he defendant is suffering from a terminal illness," meaning that the defendant is "suffering from a serious physical or medical condition . . .suffering from a serious functional or cognitive impairment, or . . . experiencing deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1. 13, cmt. n.1(A) (2018). While this portion of the Sentencing Guidelines is not "binding" on courts, it may "inform a district court's discretion" for such motions. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

### III. Analysis

#### A. Motion for Compassionate Release

Ochoa-Garcia argues that compassionate release under section 3582 is warranted for three reasons. First, he argues that "changes to his statute of conviction mean that he would likely receive a shorter sentence is sentenced today." (Dkt. 214 at 2). Second, he argues that the threat of COVID-19 in conjunction with his underlying medical conditions warrants relief. (*Id.*). And finally, he asserts that the § 3553(a) factors favor his release as he has completed over 85% of his sentence. (*Id.* at 2–3). In response, the Government argues that this Court has already rejected Ochoa-Guzman's first argument in its order denying a motion for sentence reduction. (Dkt. 230 at 16); (*see also* Dkt. 206). Next, the Government asserts that Ochoa-Guzman's second argument fails to show extraordinary and compelling reasons warranting relief. (Dkt. 230 at 6–15). Lastly, the Government rebuts the argument that the § 3553(a) factors favor release in this case. (*Id.* at 16–17). The Court agrees with the Government.

1. **The Court will not reconsider arguments that it previously rejected.**

Ochoa-Garcia raised the same argument at issue here in his 2015 Motion for Sentence Reduction, (Dkt. 201), which was denied by this Court. (Dkt. 206). The Court expressly considered, and rejected, the argument raised once again in Defendant's Motion for Compassionate Release, (*id.* at 2–3); (Dkt. 214 at 2), and the Court declines to reconsider its ruling at this time.

2. **Ochoa-Garcia has not established extraordinary and compelling reasons that warrant a sentence reduction.**

The Sentencing Guidelines, which the Court finds instructive in ruling on Defendant's Motion for Compassionate release, explain that extraordinary and compelling reasons for sentence reduction exist where the defendant is suffering from a medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. 1B1. 13, cmt. n.1(A) (2018). But Ochoa-Garcia does not precisely claim that any of his current medical conditions present such a circumstance. Instead, he argues that although he "has seemingly recovered," he "still suffers from side-effects of the virus and is unable to adequately isolate and protect himself." (Dkt. 214 at 2). In response, the Government argues that the vaccine "adequately protects him from contracting a severe case of COVID-19," (Dkt. 231 at 7), and, moreover, that he is "receiving adequate medical care from prison medical staff[.]" (*Id.* at 14).

Courts facing similar requests have denied motions for compassionate release in the context of COVID finding that despite the fact that the defendant's "ailments present a higher risk for him, the prison appears able to lessen that risk and the number of vaccinated prisoners continues to rise[.]" *United States v. Johnson*, 2021 WL 1565780, at *2 (D. Nev. Apr. 21, 2021). The Court

here is not persuaded that the Bureau of Prisons ("BOP") is unable to lessen the risk faced by Ochoa-Garcia, who is now vaccinated against COVID, himself. Additionally, the Ninth Circuit has confirmed district courts' denials of compassionate release as a result of "the vaccine rollout" and the ability of one to engage in self-care through receipt of the vaccine. *See United States v. Lira*, 2022 WL 229303, at *1 (9th Cir. Jan. 25, 2022) ("The court acknowledged Lira's medical issues, but reasonably concluded that Lira had not shown extraordinary and compelling reasons for early release in light of the low incidence of COVID-19 infections at the prison where he is housed and the vaccine rollout.); *United States v. Swanson*, 857 Fed. App'x 411, 412 (9th Cir. Aug. 25, 2021) ("The district court's conclusions regarding the risk of reinfection with COVID-19 and the availability of a vaccine were not illogical, implausible, or without support in the record."). Accordingly, the Court finds that extraordinary and compelling reasons do not exist warranting the Defendant's release.

### 3. Ochoa-Garcia has not satisfied the factors set forth in section 3553(a).

Ochoa-Garcia argues that "a reduction in sentence is both safe and appropriate, and he is NOT a danger to society[.]" (Dkt. 214 at 3) (emphasis in original). The Government, on the other hand, argues that Ochoa-Garcia "is a repeat offender and career criminal with no regard or respect for the law." (Dkt. 230 at 17). As evidence, the Government points out both that "[h]e has twice violated the terms of his supervision and parole by continuing to distribute large quantities of dangerous drugs, crimes he repeatedly committed," and that his prison disciplinary record "includes possessing drugs, alcohol, and dangerous weapons, as well as fights and assaults[.]" (*Id.* at 2–3, 17); (*see also* Dkt. 232 at 3–6). The Court agrees with the Government.

Ochoa-Garcia has multiple felony criminal convictions for similar offenses, evincing a general disrespect for the rule of law. This certainly is important to the Court's consideration under section 3553(a)(1). *See* 18 U.S.C. § 3553(a)(1) (explaining that the court shall consider "the nature and circumstances of the offense and *the history* and characteristics of the defendant" when determining an appropriate sentence (emphasis added)). Moreover, Defendant's propensity for legal infractions such as these indicate that he is "a danger to the safety of [] other person[s] or to the community[.]" *See* U.S.S.G. 1B1. 13(2).

The Court agrees with the Government that "[t]he 360-month sentence this Court imposed was, and is, appropriate given the § 3553(a) factors, and reducing his sentence now, especially in light of the fact that the BOP has vaccinated Garcia-Ochoa against the COVID-19 virus, would result in a sentence that does not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or protect the public." (Dkt. 230 at 17). Therefore, the Court cannot grant Ochoa-Garcia's request for compassionate release.

### B. Motion for Leave to File a Sealed Exhibit[3]

The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020). Public access to filed motions and their attachments turns on "whether the motion is more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In this case, the motion for -compassionate release is certainly more than tangentially related to the merits of the case. Thus,

---

[3] Without a response on file from Ochoa-Garcia, the Court will presume that the motion is unopposed. *See* Local Rule 7-2(d).

the Court applies the compelling reasons standard. *Id.* at 1096–07.

In response to Ochoa-Garcia's Motion for Compassionate Release, (Dkt. 214), the Government seeks to file under seal an exhibit "which includes Garcia-Ochoa's medical and disciplinary records that undersigned counsel obtained from the Bureau of Prisons, and which the government believes will assist the Court in evaluating Garcia-Ochoa's motion." (Dkt. 231 at 1). Courts in the Ninth Circuit "have recognized that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Moreno v. Adamson*, 2021 WL 76722, at *2 (D. Nev. Jan. 7, 2021); *Abbey v. Hawaii Emps. Mut. Ins. Co.*, 2010 WL 4715793, at *1 (D. Haw. Nov. 15, 2010) (collecting cases). Therefore, the Court finds it appropriate to seal the exhibit containing medical records.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release, (Dkt. 214), is **DENIED**.

IT IS FURTHER ORDERED that the Government's Motion for Leave to File a Sealed Exhibit, (Dkt. 231), is **GRANTED**.

IT IS SO ORDERED.

Dated   November 22, 2023.

_____
ROBERT C. JONES
United States District Judge